UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY WAYNE MICHAEL,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-869-PPS-MGG

WESTVILLE CORRECTIONAL
FACILITY, and DR WALLA,

    Defendants.

## OPINION AND ORDER

Anthony Wayne Michael, a prisoner without a lawyer, filed a complaint alleging that his eleven-day confinement on suicide watch at the Westville Correctional Facility (Westville) violated his Eighth Amendment rights. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Michael alleges that on July 31, 2018, Dr. Walla placed him on suicide watch after the death of his son. Dr. Walla instructed staff to give Michael a suicide smock, but not a mattress or blanket. This order remained in place until August 11, 2018.

The cell Michael was housed in for those eleven days did not have a toilet or bed. Thus, he had to sleep on the floor, which he says was cold. During this time, Michael was not allowed out of the cell to use the restroom and was forced to urinate in Styrofoam lunch trays. Officers did not remove those urine-filled trays from his cell. Moreover, Michael was not allowed to wash his hands after going to the bathroom. This was a problem since he had to eat with his hands; he was not given utensils while on suicide watch.

Michael has named only Westville and Dr. Walla as defendants. The complaint does not allege a plausible federal claim against either of them. To start, though Westville is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. § 1983. Additionally, there are no allegations that Dr. Walla was deliberately indifferent to Michael. Of course Dr. Walla ordered Michael to be housed with restrictive measures because he was on suicide watch, but according to the complaint, this was done only because Dr. Walla was concerned that Michael might try to kill himself. The Seventh Circuit has recognized that drastic measures may be necessary to prevent an inmate from committing suicide. *Myers v. County of Lake*, 30 F.3d 847, 850 (7th Cir. 1994) ("inmates may be deprived not only of belts and ties, but also of pens, sheets, blankets, even clothing, for almost any object may be used to harm oneself"). Because the complaint alleges that Dr. Walla ordered Michael to be housed in restrictive conditions solely out of a concern that Michael may commit suicide, it is not plausible to find any

deliberate indifference. *Davis v. Marble,* 175 F.3d 1019 (7th Cir. 1999). Thus, Dr. Walla's placing Michael on suicide watch for eleven days does not state a constitutional claim.

That said, Michael alleges to have endured troublesome conditions of confinement for those eleven days. The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). The Eighth Amendment protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). Here, Michael claims he was not allowed to use the restroom and was housed in unsanitary conditions. However, those things did not happen at the hands of Dr. Walla. This is a problem because "[o[nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, Michael has not plausibly stated a conditions of confinement claim against Dr. Walla.

That conclusion does not necessarily mean that Michael has no recourse for being forced to live under those conditions for eleven days. It simply means that he first needs to name those people responsible as defendants. So, if Michael believes that the complained of conditions were the result of some institutional policy or custom at Westville - how inmates on suicide watch are generally treated - then Michael should name the Warden in his official capacity as a defendant. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (noting that suits against state employees in their official capacities is appropriate when a policy or custom is the moving force behind the

constitutional deprivation). If he believes that he was forced to endure those conditions because specific correctional officers mistreated him, then Michael needs to name those officers in their individual capacities as defendants.

Though the complaint does not state a claim for which relief can be granted, I will grant Michael an opportunity to file an amended complaint so that he can name the responsible individuals as defendants in this case. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form - Prisoner Complaint (INND Rev. 8/16) - is available upon request from the prison law library. In his amended complaint, he should name the individuals responsible for his claims as defendants and must describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant was responsible for violating his constitutional rights.

ACCORDINGLY,

(1) Anthony Wayne Michael is GRANTED until January 14, 2019, to file an amended complaint; and

(2) Michael is CAUTIONED that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on December 11, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT